FILED

98 AUG 11 AM 9:58

U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| EDWARD CURRY JOHNSON ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs ) | CIVIL ACTION NO. 97-N-1244-S |
| ) | |
| WARDEN JAMES DELOACH and ) | |
| THE ATTORNEY GENERAL OF THE ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

ENTERED

AUG 11 1998

## MEMORANDUM OF OPINION

The court has considered the entire file in this action together with the Magistrate Judge's Report and Recommendation and the objections of the petitioner and has reached an independent conclusion that the Magistrate Judge's Report and Recommendation is due to be adopted and approved. The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court.

To the extent that the petitioner asserts in his objections to the Report and Recommendation that the claims that were found to be procedurally defaulted should be considered because he is "actually innocent," the record does not support this position. For this court to consider the procedurally barred claims, the petitioner would have to show that relief is necessary to correct "a fundamental miscarriage of justice." *Hill v. Jones*, 81 F.3d 1015, 1023 (11th Cir. 1991), *cert. denied*, 506 U.S. 930 (1992). This has been interpreted to require a showing of "a constitutional violation [that] has probably resulted in the conviction of one who is actually innocent." *Id.* at 1023, citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Roberts v. Singletary*, 29 F.3d 1474, 1478 (11th Cir. 1994), *cert. denied*, 515 U.S. 1133 (1995).

Three challenges were found by the magistrate judge to have been procedurally barred: (1) sufficiency of the evidence to support the conviction, (2) defective jury instructions, and (3)

ineffective assistance of counsel. The required showing of "a fundamental miscarriage of justice" has not been made and cannot be derived from a review of the evidence presented in the state proceedings or before this court. To the contrary, the record amply demonstrates that this matter is not the extraordinary case where a constitutional violation has probably resulted in the conviction of one who is "actually innocent." The evidence of the defendant's guilt was substantial. *See Magistrate's Report and Recommendation*, pp. 12-14. Considering the evidence along with the jury instructions, which were not confusing or inappropriate, and counsel's performance, which was not ineffective, it cannot be concluded that constitutional violations probably resulted in the conviction of one who is "actually innocent."

In accord with the recommendation, this petition for writ of habeas corpus is due to be dismissed. An appropriate order will be entered.

DONE, this 11th day of August, 1998.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE